## MALINDA WATSON *v.* W. A. BRAUN.

[Abstract Kentucky Law Reporter, Vol. 4—981.]

**Estoppel by Life Tenant.**

> Where a tenant for life stands by and permits an owner of an undivided interest in remainder to construct a valuable building on the land, and makes no objection thereto or claim of rent thereon until after the remainderman becomes insolvent, she is estopped to claim such improvement as against his creditors, but she is not estopped to assert her claim for the ground rent.

APPEAL FROM PENDLETON CHANCERY COURT.

May 1, 1883.

OPINION BY JUDGE PRYOR:

Under the sale made at the instance of the creditors of the devisor, Abdallah Watson, his son, James, became the purchaser of one-ninth of the property in controversy. After the purchase he, in conjunction with his brother, improved a part of the lot then unimproved by erecting a valuable store-house upon it and took the possession. He lived with his mother, the appellant, in the tavern house on the same lot while he was building his store-house on the unimproved part, and when he completed the building took the possession. After he makes an assignment he claims, as well as his mother, that she being the life tenant refused to give her consent to the erection of the building. That he made the improvements with his own money is not questioned, and the appellant, his mother, is in a court of equity asserting her claim to the entire property for life. When asking equity she must do equity, and when standing by and permitting this building to be constructed it is too late after the son breaks to claim the improvement as against creditors.

Besides, in the action against her sons to subject this property and to settle the assignment, by virtue of which the present appellee became the purchaser, the appellant presented claims against them and was occupying the position of a creditor merely, and not the claimant of the entire property. She made no claim to rent against these parties, and knowing that the suit was pending remained silent until the appellee made his purchase and paid for the property. She now says that it was the duty of those seeking to subject it to make her a party, and that her husband's will, of record, was notice of the claim. She ought to have been made a party, but if the son made the improvements without her consent, when she was in court asserting her claim against them, this claim ought to have been asserted also, and she is now estopped to claim this building or its value. But she is not estopped to assert her claim for the ground rent. She owned the life estate, and the one-ninth sold was subject to this life interest, and the party in possession must account to her for the reasonable value of the rent of the ground without regard to the improvements. She is allowed only $5 per annum. The value of the ground is shown to be worth more than $300, or fully that sum, and is a town lot that would likely rent for two or three times as much as is given her by the chancellor. This she ought to have, or if the parties agree the whole property may be sold and the proceeds ap-

portioned, but without consent to such a sale, as the appellant permitted its construction, she has no right to demand a sale of the entire property against the consent of the owner.

The judgment is therefore *reversed* as to the value of the rent only. It should be fixed at not less than $15 per annum during the life of the appellant, and cause remanded for further proceedings.

*Fryer & Barker, for appellant.*

*A. R. Clarke, for appellee.*

[Cited, *Taylor v. Jenkins,* 23 Ky. L. 1574, 65 S. W. 601.]